O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIM SEO, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CC CJV AMERICAN HOLDINGS, INC., a California corporation, <br><br> Defendant. | Case No. CV 11-05031 DDP (MRWx) <br><br> **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** <br><br><br> [Docket No. 11] |

Presently before the court is Defendant CJV American Holdings, Inc. ("CJV")'s Motion to Dismiss. Having considered the submissions of the parties and heard oral argument, the court grants the motion and adopts the following order.

**I.  Background**

CJV owns and operates a movie theater, which opened sometime in mid-2010. (First Amended Complaint ("FAC") ¶¶ 12, 48.) CJV is an active member of the National Association of Theater Owners, a large trade organization. (FAC ¶¶ 35-37.)

///

On June 5, 2011, Plaintiff purchased movie tickets and used a debut or credit card to purchase concessions from CJV. (FAC ¶¶ 30-31.) CJV issued Plaintiff a receipt bearing the expiration date of Plaintiff's card. (FAC ¶ 32.)

Under the Fair and Accurate Credit Transactions Act ("FACTA"), merchants may not print a credit or debit card's expiration date upon any receipt provided to the cardholder at the point of sale. 15 U.S.C. § 1681c(g). Plaintiff filed the instant suit against CJV on behalf of a purported class of consumers who received receipts bearing credit or debit card expiration dates, alleging that CJV "negligently and willfully  in violation of FACTA.  CJV now moves to dismiss Plaintiff's complaint.

**II. Legal Standard**

A complaint will survive a motion to dismiss when it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 1950. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of

2

the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. <u>Id</u>. at 1949 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." <u>Id</u>. at 1950. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." <u>Twombly</u>, 550 U.S. at 555-56. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Iqbal</u>, 129 S. Ct. at 1950.

### III.  Discussion

FACTA imposes civil liability for willful noncompliance and negligent noncompliance.   15 U.S.C. §§ 1681n(a), 1681o(a). "Willfulness" encompasses both knowing conduct and reckless conduct.  <u>Safeco Ins. Co. of Am. v. Burr</u>, 551 U.S. 47, 57 (2007). Here, CJV argues that Plaintiff has failed to allege a knowing or reckless violation of FACTA.  The court agrees.

Plaintiff's allegations with respect to CJV's knowledge of, and disregard for, FACTA's provisions center on CJV's membership in the National Association of Theater Owners ("Association").  The complaint alleges that the Association communicates legal news to its members.  (FAC ¶ 37.)  The FAC alleges that one such update, published in 2007, describes the impact of FACTA on the movie theater industry.  (FAC ¶ 42.)  The complaint further alleges that a list of "talking points" regarding FACTA is available on the

3

Association's web site, and that CJV employees "regularly access" the Association web site. (FAC ¶¶ 43-44.)

On the basis of these allegations, Plaintiff jumps to the conclusion that the Association "repeatedly informed" CJV of FACTA's requirements, that CJV "was notified of the Act and its requirements throughout the entire period of time in which it failed to comply with FACTA," and that CJV "ignored" the Association's communications and proceeded to "knowingly and intentionally" violate FACTA. (FAC ¶¶ 45, 51-52.) These conclusory assertions, however, are unsupported by any pled facts. The Association's 2007 update regarding FACTA was published three years before CJV opened its movie theater, and Plaintiff has not alleged that CJV saw the update at any point. Similarly, Plaintiff merely alleges that CJV employees accessed the Association website, without ever alleging that CJV ever actually saw the FACTA "talking points" web page. The fact that information about FACTA was available to CJV does nothing to support Defendant's naked assertion that CJV was notified of FACTA's provisions and knowingly ignored them.[1] Plaintiff has, therefore, failed to adequately plead a willful violation of FACTA.

---

[1] Contrary to Plaintiff's arguments, this case is not similar to Zahn v. Tuttle, Inc., 2011 WL 1741912 (D.Minn. May 4, 2011), the only post-Iqbal case cited by Plaintiff. In Zahn, the court denied a motion to dismiss where a plaintiff alleging a FACTA violation alleged that the defendant received specific information regarding FACTA, employed a third party FACTA compliance manager, then canceled its contract with the compliance manager when informed that equipment changes would be necessary to ensure compliance with FACTA. There are no allegations of similar actual notice, let alone willful noncompliance, here.

CJV also argues that Plaintiff has failed to adequately plead a claim for negligent violation of FACTA. (Motion at 6.)  Under 15 U.S.C. 1681o(a), a plaintiff alleging a negligent violation may only recover actual damages.  Plaintiff, however, has not alleged that he suffered any actual damages as a result of CJV's actions beyond the bare assertion that "actual damages are present and quantifiable."[2] (FAC ¶ 73.)  Though Plaintiff seeks "an award of actual damages for injuries caused by [CJV's] unlawful conduct," the FAC makes no mention of any such injuries.  Furthermore, Plaintiff's opposition to CJV's motion to dismiss makes no reference to his negligence cause of action.  Accordingly, Plaintiff's negligence cause of action is also dismissed.

**IV. Conclusion**

For the reasons stated above, Defendant CJV's Motion to Dismiss is GRANTED.

IT IS SO ORDERED.

Dated: October 18, 2011

DEAN D. PREGERSON
United States District Judge

---

[2] Plaintiff appears to have focused on the statutory damages available for willful violations under 15 U.S.C. 1681n(a): "Actual damages are present and quantifiable; however, Plaintiff is not required to prove actual damages to obtain the statutory damages . . . ."  (FAC ¶ 73.)

5